IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIE FRANK WADE #1791449 | § | |
| v. | § | CIVIL ACTION NO. 6:13cv898 |
| ANTHONY BETTERTON | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Willie Frank Wade, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant is Upshur County Sheriff Anthony Betterton.

Wade complains that on March 11, 2013, he tried to sit down for breakfast when the table "came up off the floor," causing him to fall and injure his left hip and back. He asked to go to the medical department but was not allowed to do so until the next day, at which time the medical personnel told him that there was nothing wrong with him and sent him back to his cell. When he arrived back in TDCJ-CID, however, a doctor took X-rays and told him that these showed "very recent injuries" to his lower back and hip, including a ruptured disc. Sheriff Betterton, the sole named defendant, is not mentioned in the complaint, nor is there any indication of how the sheriff was responsible for the conditions of which Wade complains.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed and that Wade be denied *in forma pauperis* status. The Magistrate Judge observed that Wade has filed at least three previous lawsuits or appeals which had been dismissed

1

as frivolous or for failure to state a claim, and so was subject to the provisions of 28 U.S.C. §1915(g). That statute provides that inmates who have filed at least three previous lawsuits or appeals which have been dismissed under 28 U.S.C. §1915(g) cannot proceed under the *in forma pauperis* statute unless they show that they are in imminent danger of serious physical injury.

In the present case, the Magistrate Judge concluded that Wade failed to show that he was in imminent danger of serious physical injury from the incidents forming the basis of the lawsuit, as of the time that the lawsuit was filed. Because allegations of past harm do not show "imminent danger," the Magistrate Judge concluded that Wade failed to trigger the "imminent danger" exception to §1915(g), and recommended that the lawsuit be dismissed on this basis.

Wade received a copy of the Magistrate Judge's Report on December 12, 2013, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (Docket No. 4) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff Willie Wade's application for leave to proceed *in forma pauperis* (Docket No. 2) is hereby DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Because Wade is ineligible to proceed *in forma pauperis*, the full filing fee is $400.00. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 13th day of January, 2014.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**